

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**

JUL 10 2013

Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| (1) DEBBIE WALTERS,       § <br> § <br> Plaintiff,       § <br> § <br> v.       § <br> § <br> (1) AMERICAN MULTI-CINEMA, INC., and       § <br> (2) PARKER SECURITY AGENCY, LLC       § <br> § <br> Defendants.       § | Case No. **13 CV - 417 CVE - FHM** <br><br> (Formerly Tulsa County <br> Case No. CJ-2013-2587) |

## NOTICE OF REMOVAL

Defendant American Multi-Cinema, Inc. ("AMC"), by and through its undersigned counsel, and pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1446, and 28 U.S.C. § 1331 hereby removes this matter from the District Court of Tulsa County, Oklahoma to the United States District Court for the Northern District of Oklahoma. In support of this Notice of Removal, AMC states the following:

1. On May 30, 2013, Plaintiff Debbie Walters ("Plaintiff") filed a Petition styled *Debbie Walters v. American Multi-Cinema, Inc. and Parker Security Agency, LLC*, Case No. CJ-2013-2587, in the District Court of Tulsa County, Oklahoma (the "State Court Action"), alleging disparate treatment in violation of Title VII, retaliation in violation of Title VII, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and blacklisting in violation of Okla. Stat. Ann. tit. 40 § 172. No other process, pleadings, or orders have been served on AMC, and no other actions have been taken in this matter.



2. AMC was served with a copy of the Summons and Petition on June 24, 2013. Pursuant to 28 U.S.C. § 1446(b), this notice of removal is filed within 30 days after AMC received a copy of the Petition and within one year of the commencement of this action. No previous application for removal has been made.

3. Defendant, Parker Security, has not yet been served in the State Court Action.

4. Pursuant to 28 U.S.C. § 1446(a), this action is being removed to the federal district court for the district where the action is pending.

5. This Court has original jurisdiction over this matter under 28 U.S. C. § 1331 because this is a civil action arising under the Constitution, laws, or treaties of the United States.

6. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff and filed with the District Court of Tulsa County, Oklahoma.

7. This Notice of Removal does not waive any objections to defects in process or service of process, jurisdiction, venue, statute of limitations, exhaustion of administrative remedies, or any other defense.

8. A copy of all process, pleadings, and other documents filed in the State Court Action is attached hereto as Exhibit 1.

9. A copy of the docket sheet in the State Court Action is attached hereto as Exhibit 2.

10. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to counsel for the Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the District Court of Tulsa County, State of Oklahoma.

WHEREFORE, Defendant American Multi-Cinema, Inc. hereby gives notice that the matter styled *Debbie Walters v. American Multi-Cinema, Inc. and Parker Security Agency, LLC,*

Case No. CJ-2013-2587, in the District Court of Tulsa County, Oklahoma, is removed to the United States District Court for the Northern District of Oklahoma.

Respectfully submitted,

*Amy E. Sellars*

Amy E. Sellars, OBA # 30202
Randall J. Snapp, OBA # 11169
CROWE & DUNLEVY
321 South Boston Avenue
Suite 500
Tulsa, Oklahoma 74103
Telephone: (918) 592-9855
Facsimile:  (918) 599-6335
Email: amy.sellars@crowedunlevy.com

**OF COUNSEL**

Rosalee M. McNamara   MO Bar No. 33645
Janelle L. Williams   MO Bar No. 64242
LATHROP & GAGE LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2684
Telephone: (816) 292-2000
Telecopier: (816) 292-2001
E-mail:  rmcnamara@lathropgage.com
              jwilliams@lathropgage.com

**ATTORNEYS FOR DEFENDANT
AMERICAN MULTI-CINEMA, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on July 10, 2013 via U.S. Mail, postage prepaid, to the following counsel of record:

> David A. Warta
> Smolen Smolen & Roytman PLLC
> 701 S. Cincinnati Ave.
> Tulsa, Oklahoma 74119
>
> *Attorney for Plaintiff*

*Amy E. Sellars* (signature)

# CT Corporation

**Service of Process Transmittal**
06/24/2013
CT Log Number 522984516

**TO:** Kevin Connor
American Multi-Cinema Inc.
920 Main Street, 14th Floor
Kansas City, MO 64105-

**RE:** Process Served in Oklahoma

**FOR:** American Multi-Cinema, Inc. (Domestic State: MO)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Debbie Walters, Pltf. vs. American Multi-Cinema, Inc., etc. and Parker Security Agency, LLC, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Certificate of Service, Petition |
| **COURT/AGENCY:** | Tulsa County District Court, OK<br>Case # CJ20132587 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Wrongful Termination - On the basis of sex and religion |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Oklahoma City, OK |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/24/2013 postmarked on 06/20/2013 |
| **JURISDICTION SERVED:** | Oklahoma |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | David A. Warta<br>Smolen Smolen & Roytman, PLLC<br>701 S. Cincinnati Ave.<br>Tulsa, OK 74119<br>918-585-2667 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/25/2013, Expected Purge Date: 06/30/2013<br>Image SOP<br>Email Notification, AMC Service of Process ct-sop@amctheatres.com |
| **SIGNED:** | The Corporation Company |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 1833 South Morgan Road<br>Oklahoma City, OK 73128 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of 1 / DT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.


EXHIBIT 1

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| DEBBIE WALTERS,<br>    Plaintiff, | )<br>)<br>) | |
| vs. | )<br>) | Case No.: CJ-2013-2587<br>Judge Dana Kuehn |
| AMERICAN MULTI-CINEMA, INC.,<br>a foreign for profit business corporation, | )<br>)<br>) | ATTORNEY LIEN CLAIMED |
| and | )<br>) | |
| PARKER SECURITY AGENCY, LLC,<br>a domestic limited liability company, | )<br>)<br>) | |
|     Defendants. | ) | |

## ORIGINAL SUMMONS

**SERVE BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

AMERICAN MULTI-CINEMA, INC.,

To the above-named Defendant(s)

    You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

    Issued this __19__ day of __June__, 2013

                                    County Court Clerk

                                    By _____
                                          Deputy Court Clerk

(Seal)

    This summons and order was served on _____

                                                        _____
                                                        (Signature of person serving summons)

    YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.
                                          **Return ORIGINAL for filing.**

## PERSONAL SERVICE

I certify that I received the foregoing Summons the _____ day of _____, 2012, and that I delivered a copy of said Summons with a copy of the Petition to the following named defendant personally in _____ County, _____ at the address and on the date set forth opposite each name, to-wit:

| Name of Defendant | Address | Date of Service |
|---|---|---|
| | | |

## USUAL PLACE OF RESIDENCE

I certify that I received the foregoing Summons on the _____ day of _____, 2012, and that on _____, I served _____ by leaving a copy of said summons with a copy of the attached Petition at _____, which is his/her dwelling house or usual place of abode, with _____, a person then residing therein, who is fifteen (15) years of age or older.

## NOT FOUND

Received this Summons this _____ day of _____, 2012. I certify that the following persons of the defendant within named not found in said County:

## FEES

Fee for service $_____, Mileage $_____,
Total $_____
Dated this _____ day of _____, 2012.
                                                By:

                                             Sheriff of _____ County,

## AFFIDAVIT

I, _____, the undersigned, under oath, do say that I served this Summons and made the return thereon, according to law that I am duly authorized to make this affidavit so help me God.

                                             Sheriff of _____ County,

Subscribed to and sworn to before me this _____ day of _____, 2012.
My Commission Expires: _____
               Seal                         Notary Public

## CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the Petition to the following named defendant at the address shown by certified mail, addressee only, return receipt requested, on the 20th day of June, 2013, and receipt thereof on the dates shown:

| Defendant Receipted | Address Where Served | Date |
|---|---|---|

_____
Signature of person mailing summons



IN THE DISTRICT COURT OF TULSA COUNTY

STATE OF OKLAHOMA

| | |
|---|---|
| DEBBIE WALTERS,<br>　　Plaintiff, | )<br>) |
| vs. | ) CJ-2013-02587<br>) DANA LYNN KUEHN |
| AMERICAN<br>MULTI-CINEMA, INC.,<br>a foreign for profit business corporation, | )<br>) ATTORNEY LIEN<br>) |
| PARKER SECURITY AGENCY, LLC,<br>a domestic limited liability company, | )<br>)<br>) |
| 　　Defendants, | ) |

DISTRICT COURT
**FILED**
MAY 30 2013

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

### PETITION

COMES NOW Plaintiff, Debbie A. Walters, through her attorney of record David A. Warta of *Smolen, Smolen & Roytman, P.L.L.C.*, and brings this actions against Defendants, American Multi-Cinema, Incorporated (herein "AMC"), and Parker Security Agency, LLC (Parker Security), for violations of her rights arising out of her employment and termination by AMC and denial of employment by Parker Security.

### NATURE OF THE ACTION

### PARTIES

1. Plaintiff is a resident of Tulsa County, Oklahoma.

2. Defendant conducts substantial business in Tulsa County, Oklahoma.

3. Defendant Parker Security conducts substantial business in Tulsa County, Oklahoma.

1

## JURISDICTION AND VENUE

3. This is an action for damages and to secure protection of and to redress deprivation of rights secured by Title VII of the Civil Rights act of 1964, as amended 42 U.S.C §2000-2 hereinafter ("Title VII"), providing for relief against discrimination in employment on the basis of gender.

4. Plaintiff has exhausted her administrative remedies with the Equal Employment Opportunity Commission and files this petition within ninety (90) days from receiving her Notice of Right to Sue.

5. The wrongful acts of Defendant which give rise to this dispute occurred in Tulsa County, Oklahoma.

6. This Court has jurisdiction and venue is proper in Tulsa County, Oklahoma.

## FACTS COMMON TO ALL CLAIMS

7. The preceding paragraphs are incorporated herein by reference.

8. At the time of her discharge, Plaintiff was employed as a Security Officer by Defendant AMC.

9. Plaintiff worked for Defendant AMC as a Security Officer for over fourteen (14) years, and held a flawless record of employment completely free of any formal discipline or verbal reprimands.

10. When Plaintiff worked for Defendant AMC, she worked primarily with male security officers.

11. Plaintiff was harassed, demeaned, intimidated, and disrespected by other male security officers while working for Defendant AMC.

12. On multiple occasions, male security officers yelled at Plaintiff in the workplace in front of customers with no legitimate purpose.

2

14. John McDowell was a security officer employed by property management, not AMC, to secure the parking lot of the Southroads Mall.

15. Although McDowell was not employed by AMC, he frequently spent his work hours in the AMC building bullying, harassing, and disrespecting Plaintiff.

16. McDowell specifically targeted Plaintiff's gender, claiming that women are not good for anything.

17. McDowell specifically targeted Plaintiff's religion, expressing his hatred for Catholics.

18. McDowell regularly disrupted Plaintiff and interfered with Plaintiff's duties.

19. On at least three separate occasions, Plaintiff told Defendant AMC's administration about McDowell's behavior in efforts to rectify the situation.

20. On at least one occasion, a male security officer condoned McDowell's actions.

21. Defendant AMC remained effectively unresponsive. No meaningful action was ever taken to protect plaintiff or discipline McDowell for this behavior.

22. Defendant AMC discharged all current security officers and hired Defendant Parker Security Agency, to handle security responsibilities.

23. On January 28, 2012, Plaintiff was discharged by Defendant AMC via telephone. All other AMC Security Officers were informed of their discharge through a meeting.

24. Plaintiff and three (3) other male AMC security officers were eligible to retain new positions with Defendant Parker Security Agency, and effectively continue to work security at AMC's facility.

25. Ms. Kacie Parker, owner of Defendant Parker Security Agency, told Plaintiff twice that Plaintiff would be hired for the same position she held for over fourteen years, provided AMC General Manager Devin Bolton gave a positive review of Plaintiff.

3

26. Bolton had previously provided Ms. Parker with a positive review of two of the other males, and Ms. Parker subsequently hired them.

27. Ms. Parker later informed Plaintiff that she would not hire Plaintiff, as Bolton did not want Plaintiff working at AMC due to alleged conflicts with managers.

28. When confronted by Plaintiff, Bolton could not name a single instance in which Plaintiff had a conflict with a manager. Bolton admitted that McDowell was the true reason she did not want Plaintiff working at AMC.

### FIRST CLAIM FOR RELIEF
### Disparate Treatment on the Basis of Gender in Violation of Title VII of the Civil Rights Act of 1964 42 U.S.C. §§ 2000(e), et. seq.

29. The preceding paragraphs are incorporated herein by reference.

30. The forgoing conduct violates Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000(e), et. seq.

31. Plaintiff experienced disparate treatment compared to her male coworkers with regard to protection, discipline, benefits, and recommendation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000(e), et. seq.

32. Defendants' discriminatory practices have resulted in the loss of past and future wages and other job benefits, and have caused the Plaintiff to suffer humiliation, embarrassment, and emotional distress.

33. Defendants committed the acts alleged with malice or reckless indifference to the protected rights of Plaintiff. Plaintiff is thus entitled to recover punitive damages in an amount to be determined according to proof.

34. Upon information and belief, Plaintiff's termination was motivated in substantial part by her gender, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e), et. seq.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement

    b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

    c. Punitive damages for the willful acts of discrimination committed by Defendant's management;

    d. Her attorney fees and the costs and expenses of this action;

    e. Injunctive Relief

    f. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
### Retaliation in Violation of Title VII

35. Plaintiff incorporates by reference the preceding paragraphs.

36. Defendant AMC prevented Plaintiff's employment, and Defendant Parker Security complied, as a result of Plaintiff's attempt to use internal procedures to end the harassment she constantly endured.

37. By preventing and denying Plaintiff's employment, for her participation in protected activity as defined under Title VII, Defendants have violated 42 U.S.C. §§ 2000(e)(3)(a).

WHEREFORE, Plaintiff prays for judgment against Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement

b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

c. Punitive damages for the reckless acts of discrimination committed by Defendant's management;

d. Her attorney fees and the costs and expenses of this action;

e. Injunctive Relief

f. Such other relief as the Court deems just and equitable.

### THIRD CLAIM FOR RELIEF
### Failure to Ensure a Non-Hostile Work Environment

38. Plaintiff incorporates by reference the preceding paragraphs.

39. As her employer, Defendant AMC owed Plaintiff a duty to ensure a non-hostile work environment.

40. Defendant AMC was aware that Plaintiff was being subjected to repeated harassment by McDowell.

41. Defendant AMC had reason to believe that McDowell would engage in further harassment of Plaintiff.

42. Defendant repeatedly allowed McDowell to enter the premises and bully, intimidate, demean, and disrespect Plaintiff.

43. Defendant AMC failed to take any action to prevent similar behavior.

44. By failing to protect Plaintiff as an employee, Defendant AMC breached the duty owed to Plaintiff.

45. Defendant's breach of duty proximately caused Plaintiff to suffer severe mental anguish and emotional distress.

46. Defendant's breach of duty additionally proximately caused Plaintiff a loss of pecuniary advantage, in that the untreated harassment contributed to Plaintiff's denial of future employment with Parker Security.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

   a. Back pay and lost benefits; front pay until normal retirement

   b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

   c. Punitive damages for the reckless acts of discrimination committed by Defendant's management;

   d. Such other relief as the Court deems just and equitable.

## FOURTH CLAIM FOR RELIEF
### Blacklisting in Violation of Okla. Stat. Ann. tit 40 § 172

47. Plaintiff incorporates by reference the preceding paragraphs.

48. According to Okla. Stat. Ann. tit 40 § 172 ,"No firm, corporation or individual shall blacklist or require a letter of relinquishment, or publish, or cause to be published, or blacklisted, any employee, mechanic or laborer, discharged from or voluntarily leaving the service of such company, corporation or individual, with intent and for the purpose of preventing such employee, mechanic or laborer, from engaging in or securing similar or other employment from any other corporation, company or individual."

49. Bolton of AMC specifically told Parker Security not to hire Plaintiff.

50. Parker Security complied with the wishes of AMC to deny Plaintiff employment.

7

51. By preventing Plaintiff from regaining employment, Defendants have violated Okla. Stat. Ann. tit 40 § 172.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement

    b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

    c. Punitive damages for the reckless acts of discrimination committed by Defendant's management;

    d. Injunctive Relief

    e. Such other relief as the Court deems just and equitable.

Respectfully Submitted,

_____
David A. Warta, OBA #20361
Smolen Smolen & Roytman, PLLC
701 S. Cincinnati Ave.
Tulsa, Oklahoma 74119
(918) 585-2667

8

David A. Warta
Snolen, Snolen & Roytman, PLLC
701 S. Cincinnati Ave
Tulsa, OK 74119

American Multi-Cinema, Inc.
c/o The Corporation Company
1833 S. Morgan Rd
Oklahoma City, OK 73128



7012 2920 0000 4564 9489



02 1P
0001040389  JUN 20 2013
MAILED FROM ZIP CODE 74119
$006.51⁰

# OSCN
## www.oscn.net
### THE OKLAHOMA STATE COURTS NETWORK

**Home    Courts    Court Dockets    Legal Research    Calendar    Help**

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| | |
|---|---|
| DEBBIE WALTERS,<br>    Plaintiff,<br>v.<br>AMERICAN MULTI CINEMA INC,<br>    Defendant, and<br>PARKER SECURITY AGENCY LLC,<br>    Defendant. | No. CJ-2013-2587<br>(Civil relief more than $10,000:<br>DISCRIMINATION)<br><br>Filed: 05/30/2013<br><br><br>Judge: Kuehn, Dana |

## Parties

AMERICAN MULTI CINEMA INC , Defendant
PARKER SECURITY AGENCY LLC , Defendant
WALTERS, DEBBIE , Plaintiff

## Attorneys

| Attorney | Represented Parties |
|---|---|
| WARTA, DAVID A(Bar # 20361)<br>Smolen,Smolen & Roytman, PLLC<br>701 S. Cincinnati Ave.<br>Tulsa, OK 74119 | WALTERS, DEBBIE |

## Events

| Event | Party | Docket | Reporter |
|---|---|---|---|

## Issues

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**

Issue: DISCRIMINATION (DISCRIM)
Filed by: WALTERS, DEBBIE
Filed Date: 05/30/2013

**Party Name:**                                                                **Disposition Information:**

**Defendant:** AMERICAN MULTI CINEMA INC                          Pending.

**Defendant:** PARKER SECURITY AGENCY LLC                     Pending.

## Docket

| Date | Code | Count | Party | Serial # | Entry Date |
|---|---|---|---|---|---|

EXHIBIT 2

| Date | Code | Count | Party | Serial # | Entry Date | | |
|---|---|---|---|---|---|---|---|
| 05-30-2013 | TEXT | 1 | | 85615570 | May 30 2013 4:42:38:297PM | - | $ 0.00 |
| | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | | | | | | |
| 05-30-2013 | DISCRIM | - | | 85615572 | May 30 2013 4:42:38:337PM | Realized | $ 0.00 |
| | DISCRIMINATION | | | | | | |
| 05-30-2013 | DMFE | - | | 85615573 | May 30 2013 4:42:38:357PM | Realized | $ 2.00 |
| | DISPUTE MEDIATION FEE($ 2.00) | | | | | | |
| 05-30-2013 | PFE1 | - | | 85615574 | May 30 2013 4:47:26:950PM | Realized | $ 163.00 |
| | PETITION($ 163.00) | | | | | | |
| | 📄 *Document Available (#1021268238)* | | | | | | |
| 05-30-2013 | PFE7 | - | | 85615575 | May 30 2013 4:42:38:357PM | Realized | $ 6.00 |
| | LAW LIBRARY FEE($ 6.00) | | | | | | |
| 05-30-2013 | OCISR | - | | 85615576 | May 30 2013 4:42:38:357PM | Realized | $ 25.00 |
| | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND($ 25.00) | | | | | | |
| 05-30-2013 | CCADMIN02 | - | | 85615577 | May 30 2013 4:42:38:357PM | Realized | $ 0.20 |
| | COURT CLERK ADMINISTRATIVE FEE ON $2 COLLECTIONS($ 0.20) | | | | | | |
| 05-30-2013 | OCJC | - | | 85615578 | May 30 2013 4:42:38:357PM | Realized | $ 2.00 |
| | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND($ 2.00) | | | | | | |
| 05-30-2013 | OCASA | - | | 85615579 | May 30 2013 4:42:38:357PM | Realized | $ 5.00 |
| | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES($ 5.00) | | | | | | |
| 05-30-2013 | CCADMIN04 | - | | 85615580 | May 30 2013 4:42:38:357PM | Realized | $ 0.50 |
| | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS($ 0.50) | | | | | | |
| 05-30-2013 | LTF | - | | 85615581 | May 30 2013 4:42:38:467PM | Realized | $ 10.00 |
| | LENGTHY TRIAL FUND($ 10.00) | | | | | | |
| 05-30-2013 | TEXT | - | | 85615571 | May 30 2013 4:42:38:317PM | - | $ 0.00 |
| | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE KUEHN, DANA TO THIS CASE. | | | | | | |

| Date | Code | Count | Party | Serial # | Entry Date | | |
|---|---|---|---|---|---|---|---|
| 05-30-2013 | ACCOUNT | - | | 85615609 | May 30 2013 4:43:32:077PM | - | $ 0.00 |

RECEIPT # 2013-2610624 ON 05/30/2013.
PAYOR:SMOLEN & SMOLEN PLLC TOTAL AMOUNT PAID: $213.70.
LINE ITEMS:
CJ-2013-2587: $163.00 ON AC01 CLERK FEES.
CJ-2013-2587: $6.00 ON AC23 LAW LIBRARY FEE.
CJ-2013-2587: $0.70 ON AC31 COURT CLERK REVOLVING FUND.
CJ-2013-2587: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES.
CJ-2013-2587: $2.00 ON AC59 OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND.
CJ-2013-2587: $2.00 ON AC64 DISPUTE MEDIATION FEES.
CJ-2013-2587: $25.00 ON AC79 OCIS REVOLVING FUND.
CJ-2013-2587: $10.00 ON AC81 LENGTHY TRIAL FUND.

| Date | Code | Count | Party | Serial # | Entry Date | | |
|---|---|---|---|---|---|---|---|
| 06-19-2013 | SMF | - | | 85819250 | Jun 19 2013 3:44:35:033PM | Realized | $ 10.00 |

SUMMONS FEE (CLERKS FEE)-2($ 10.00)

| Date | Code | Count | Party | Serial # | Entry Date | | |
|---|---|---|---|---|---|---|---|
| 06-19-2013 | SMIMA | - | | 85819253 | Jun 19 2013 3:44:42:883PM | - | $ 0.00 |

SUMMONS ISSUED - MAILED BY ATTORNEY-2

| Date | Code | Count | Party | Serial # | Entry Date | | |
|---|---|---|---|---|---|---|---|
| 06-19-2013 | ACCOUNT | - | | 85819347 | Jun 19 2013 3:49:15:963PM | - | $ 0.00 |

RECEIPT # 2013-2623665 ON 06/19/2013.
PAYOR:SMOLEN & SMOLEN PLLC TOTAL AMOUNT PAID: $10.00.
LINE ITEMS:
CJ-2013-2587: $10.00 ON AC01 CLERK FEES.

Report Generated by The Oklahoma Court Information System at July 10, 2013 14:30 PM

End of Transmission.